**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ARISTA MUSIC, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:09-cv-0827** |
| | ) | **Chief Judge Campbell** |
| **TIME WARNER, INC., et al.,** | ) | **Magistrate Judge Knowles** |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR
A MORE DEFINITE STATEMENT (F.R.C.P. RULE 12(e))**

Defendants Time Warner, Inc.; Warner Bros. Entertainment Inc.; Warner Bros Television Distribution Inc.; Telepictures Productions Inc.; and WAD Productions Inc.[1] ("Defendants"), through their counsel, hereby file this Memorandum in Support of their Motion for a More Definite Statement.

## I.     INTRODUCTION

The Federal Rules of Civil Procedure relating to pleading requirements are relatively liberal, requiring that a plaintiff put the defendant "on notice" of what the claims are.  No particular words have to be used, so long as the defendant can respond to the claims.  In this case, the nineteen record label plaintiffs (the "Labels"), apparently in their rush to get a complaint on file, failed to meet this relatively liberal standard by attaching three different lists of music recordings – which contain duplicative titles between lists and even within the lists – without distinguishing which of the nineteen labels owns which of the recordings, or whether the claim

---

[1]     Two other purported defendants appear in the Plaintiffs' caption, but they are not separate legal entities. Warner Bros Domestic Television is merely a division of Warner Bros. Television Distribution Inc. and A Very Good Production is merely a trade name of Crazy Monkey, Inc.

for each of the recordings is based on U. S. copyright law or Tennessee state law.  Without these basic facts, the Defendants cannot respond to the complaint.

The nineteen record label plaintiffs allege that recordings they own were used without their permission on *The Ellen DeGeneres Show* (the "Show").  The facts will ultimately prove that the Labels knew from the earliest days of the Show – more than six years ago – that the Show was using recorded music several times on each Show.  The Labels recognized that the huge popularity of the Show's host, Ellen DeGeneres, and her repeated pitches to her audience to buy the music being played on the Show, contributed enormously to the sale of the Labels' songs and CDs.  The Labels not only acquiesced in the use of their songs, they actively encouraged the Show to use more of their songs and to use them more extensively.  For the Labels to come into Court now and feign outrage at the Show's use of their recordings, after having profited enormously from the Show's promotion of their music, is the height of hypocrisy.

But before the Defendants can answer the charges being made by the Labels, they need a more definite statement of the claims.  Rather than laying out the most basic elements of their claim – who is suing for what – the Labels have begun this case with an elaborate shell game. Nineteen Labels collectively claim to own hundreds of recordings.  Yet the First Amended Complaint ("FAC") fails to identify which Label, if any, owns each work.  Indeed, the Labels have attached three exhibits to the FAC which contain nothing more than the name of the track or title and the name of the artist.[2]  In addition, for the vast majority of recordings, the First Amended Complaint fails to specify whether the Labels are alleging a copyright claim, a claim under state law, or no claim at all.

---

[2]      Exhibit A, which lists 155 recordings, also contains the U.S. Copyright office registration number, but neither Exhibit B, which lists 72 titles or Exhibit C, which lists 5,257 titles, has any such registration information.

The failure to identify which Label is suing on which song, and whether the claim for that song is under federal or state law, violates Federal Rules of Civil Procedure 8(a)(2) and 10(b). Because of these defects, the First Amended Complaint fails to provide Defendants with fair notice of the Labels' claims and prevents Defendants from meaningfully responding to the Complaint.  This Court should issue an order pursuant to Federal Rule of Civil Procedure 12(e) requiring the Labels to provide a more definite statement of their claims.

## II.   SUMMARY OF THE FIRST AMENDED COMPLAINT

Many of the allegations in the First Amended Complaint ("Complaint") will be refuted in due course.  At issue on this motion, however, is the sufficiency of the allegations, not whether they are true.  The essential allegations of the Complaint are as follows:

The Defendants collectively "create, produce, distribute and/or broadcast a daily television show called *The Ellen DeGeneres Show* (the "Show")."  (Complaint ¶ 2.)  The Show is a syndicated daytime talk show hosted by Ellen DeGeneres, who has repeatedly been recognized for her work on the show, including receiving several Daytime Emmy Awards for Best Talk Show Host.  (*Id.* ¶ 40.)  The Show is one of the most popular daytime shows, averaging approximately three million viewers a day.  (*Id.*)  The Show itself has won numerous awards, including several Daytime Emmy Awards for Best Talk Show.  (*Id.*)

The 19 Labels claim to be "the world's leading record companies."  (*Id.* ¶ 1.)  The Labels allege that the Show used "thousands of sound recordings owned or controlled by" the Labels without the Labels' permission.  (*Id.*)  The Complaint attaches three song lists -- Exhibits A, B, and C -- which purportedly list many of the pertinent recordings.

The Complaint includes counts for copyright infringement and "common law infringement."  The copyright infringement count seeks recovery on "the sound recordings listed

in Exhibit A and certain sound recordings in Exhibit C." (*Id.* ¶ 46.)  Each recording on Exhibit A is accompanied by a copyright registration number.  In Exhibit C, by contrast, the Labels provide no copyright registration numbers for the 5,257 songs listed.  The Labels do not claim to have registered copyrights for all of the sound recordings on Exhibit C.  Instead, the Labels claim to have registered copyrights only for "pertinent post-1972 sound recordings." (*Id.* at ¶ 47.)  The Complaint gives no indication of what makes a particular sound recording "pertinent."

Similarly, the common law infringement count seeks recovery for the recordings on Exhibit B and "pertinent pre-1972 sound recordings set forth in Exhibit C," without indication of what makes a particular sound recording on Exhibit C "pertinent." (*Id.* at ¶ 52.)  Nor does the Complaint disclose whether "the pertinent post 1972 sound recordings" and "the pertinent pre-1972 sound recordings" are mutually exclusive or even whether they cover all of the thousands of songs on Exhibit C.  Nowhere in any of these Exhibits or elsewhere in the Complaint do the 19 different Labels disclose which claims to own which of the thousands of recordings at issue.

### III.  <u>LEGAL ARGUMENT</u>

**A.  This Court Should Order Plaintiffs to Provide a More Definite Statement of Their Claims Because the Complaint Fails to Allege Which Labels Claim Ownership of Which Recordings.**

One of the most fundamental rules of pleading is that the Complaint should tell you who is suing for what.  That requirement can be found in Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint "must contain" "a short and plain statement of the claim showing that the pleader is entitled to relief."  The First Amended Complaint fails to meet this basic requirement.  Simply providing a list of Label plaintiffs and lists of sound recordings does not provide a statement of which Label is claiming which recording.

The First Amended Complaint's lack of any information about which Label, if any, owns each of the sound recordings at issue deprives the Defendants of fair notice of the claims against

them. For example, it is possible that no Plaintiff holds a valid copyright for some of the sound recordings at issue. Ownership of a valid copyright is an essential element of a copyright infringement claim. *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group*, 463 F.3d 478, 482 (6th Cir. 2006) (listing required elements of copyright claims). In addition, a copyright must be registered before it can be the basis of a copyright infringement claim. *See* 17 U.S.C. § 411(a); *Murray Hill Pubs., Inc. v. ABC Comms., Inc.*, 264 F.3d 622, 630 (6th Cir. 2001). Where a plaintiff fails to include the copyright registration or at least the copyright registration number, a motion for more definite statement should be granted. *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992) ("Plaintiff fails to allege his present ownership of the copyrights at issue. . . This is a formal defect in the complaint that might be corrected with a more definite statement."); *Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005) (ordering plaintiffs to provide a more definite statement where complaint failed to show which plaintiffs owned which of the 1,800 photographs at issue).

Furthermore, the Labels' decision to omit ownership information prevents Defendants from evaluating their available defenses. For example, Defendants may have defenses of license, statute of limitation or laches against some Labels for some songs, but not have those defenses against another Label if it owns the songs. Further, this information could also be pertinent for possible Rule 68 offers to individual Labels. The Labels should not be permitted to conceal this information strategically.

The Labels will undoubtedly rely upon *Arista v. Greubel*, 453 F. Supp. 2d 961 (N.D. Tex. 2006). That was a case about illegal downloading of recordings, in which the complaint attached a list of songs in Exhibit A, and a list of files from defendant's computer, which may have contained additional songs, as Exhibit B. The issue was whether Exhibit B was sufficient. There

is no indication in the opinion in that case whether Exhibit A identified which plaintiff owned which recording, either because the defendant did not raise the issue or because the exhibit had that information. *Arista v. Greubel* is thus distinguishable from this case, because it did not address the issue here -- that the First Amended Complaint is insufficient because it fails to identify which Label is claiming which song.

**B.      This Court Should Order a More Definite Statement Because Exhibit C Fails to Delineate Whether the Labels Are Pursuing Federal or State Claims on Specific Recordings.**

A more definite statement is also required because the Labels' use of a catch-all Exhibit C fails to give Defendants fair notice of the Labels' claims. *See*, *e.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (complaint must give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests). The Labels' Exhibit C jumbles together 5,257 copyrighted and uncopyrighted works that the Labels allege Defendants have used without permission.

Describing Exhibit C, the Labels claim to hold copyrights to "certain" unspecified songs, as well as common law rights to other "pertinent" unspecified songs. *See* FAC ¶ 46 ("Plaintiffs own the copyrights in . . . certain sound recordings in Exhibit C."); *id.* ¶ 52 ("Plaintiffs own the intangible rights, protected by state law, in the pertinent pre-1972 sound recordings set forth in Exhibit C."). The Labels never define what they mean by "certain" and "pertinent" in these allegations. Moreover, the Labels nowhere allege that they hold rights to *all* of the listed songs, leaving open the possibility that some listed songs have nothing to do with this lawsuit. Nor is there an allegation that clarifies whether or not the "certain" songs for Count I overlap with the "pertinent" songs for Count II.

By failing to delineate which rights they own, the Labels effectively prevent Defendants from understanding which works pertain to the Labels' copyright claim, which pertain to their

common law claim, and which pertain to no claim at all.  Federal Rule of Civil Procedure 10(b) requires that:  "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."  By refusing to comply with Rule 10(b) by separating allegations relating to their federal and common law claims into distinct categories, the Labels unfairly prevent Defendants (and this Court) from understanding the Labels' claims.  Courts have granted Rule 12(e) motions where, as here, the plaintiff's complaint haphazardly asserts "shotgun"-style allegations without properly delineating claims against each defendant into separate causes of action.  *See, e.g.*, *Anderson v. Dist. Bd. of Trustees of Central Fla. Comm. College*, 77 F.3d 364, 366 (11th Cir. 1996).  As such, a more definite statement is called for in this case.

Once again, *Arista v. Greubel*, 453 F. Supp. 2d 961 (N.D. Tex. 2006) does not support a different result.  In *Greubel*, the Court was satisfied with a list of files that could contain additional songs because discovery would "limit" what was at issue. Here, discovery may not limit the issues.  Plaintiffs appear intent on pursuing either a copyright claim or a common law infringement claim for all of their sound recordings.  Moreover, *Greubel* appears to be based upon the fact that the Labels had only a list of computer files and not the songs in those files.  Here, the Labels have a list of songs.  They know whether they have a copyright to a sound recording for that song or not.  They know whether their sound recording is a pre-1972 recording.  They simply have not provided the information that Defendants will need to begin to prepare their defenses.  As such, Defendants' motion should be granted.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court grant the motion and order the Labels to provide a more definite statement of their claims.

DATED:  November 25, 2009

Respectfully submitted,

*/s/ Aton Arbisser*
Aton Arbisser
*Admitted Pro Hac Vice*
Kaye Scholer LLP
1999 Ave. of the Stars, Suite 1700
Los Angeles, CA 90067
aarbisser@kayescholer.com
Phone:  (310) 788-1000
Fax:  (310) 788-1200

*/s/ Stephen J. Zralek*
Stephen J. Zralek (BPR:  018971)
Bone McAllester Norton PLLC
511 Union St. Ste 1600
Nashville, TN 37219
Phone:  (615) 238-6300
Fax:  (615) 238-6301

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served a copy of this document via ECF on November 25, 2009, on:

      Timothy L. Warnock, Esq.
      Tim Harvey, Esq.
      Riley Warnock & Jacobson, PLC
      1906 West End Avenue
      Nashville, Tennessee 37203
      *Counsel for Plaintiffs*

                      */s/ Stephen J. Zralek*