IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ARISTA MUSIC, ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, BIG BEAT RECORDS, INC., CAPITOL RECORDS, LLC,  CAROLINE RECORDS, INC., ELEKTRA ENTERTAINMENT GROUP INC., EMI CHRISTIAN MUSIC GROUP INC.  (d/b/a SPARROW RECORDS AND FOREFRONT RECORDS), INTERSCOPE RECORDS, LAFACE RECORDS LLC, MOTOWN RECORD COMPANY, L.P., PRIORITY RECORDS, LLC, RHINO ENTERTAINMENT COMPANY, SIRE RECORDS COMPANY (d/b/a of WBR/SIRE VENTURES INC.), SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., VIRGIN RECORDS AMERICA, INC., WARNER BROS. RECORDS INC., and ZOMBA RECORDING LLC., <br><br>     Plaintiffs, <br><br> v. <br><br> TIME WARNER, INC., WARNER BROS. ENTERTAINMENT, INC., WARNER BROS. DOMESTIC TELEVISION DISTRIBUTION, INC., WARNER BROS. TELEVISION, TELEPICTURES PRODUCTIONS, INC., WAD PRODUCTIONS, INC. (d/b/a "THE ELLEN DeGENERES SHOW"),  A VERY GOOD PRODUCTION, and CRAZY MONKEY, INC. (d/b/a A VERY GOOD PRODUCTION), <br><br>     Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. 3:09-cv-0827 <br><br>JURY DEMAND <br>**Judge Campbell** <br>**Magistrate Judge Knowles** |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

Plaintiffs submit this response in opposition to Defendants' Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e) ("Motion," Doc. No. 30) and request that the Court deny Defendants' Motion.  In support of this response, Plaintiffs state as follows:

1

## INTRODUCTION

Plaintiffs filed their First Amended Complaint ("Amended Complaint," Doc. No. 6) for copyright infringement and common law infringement of Plaintiffs' rights in sound recordings on October 9, 2009. Plaintiffs' Amended Complaint states that (1) the Plaintiffs own the copyrights and/or exclusive rights to exploit specific sound recordings listed in the attachments to the Amended Complaint (Amended Complaint, ¶ 29); (2) the copyrighted works are registered with the U.S. Copyright Office (*Id.* at ¶ 47); (3) Defendants used the sound recordings without permission (*Id.* at ¶¶ 48, 53); and (4) Plaintiffs have been damaged by Defendants' conduct. (*Id.* at ¶¶ 51, 55). Nevertheless, Defendants Time Warner Inc., Warner Bros. Entertainment Inc., Telepictures Productions, Inc., WAD Productions, Inc. and Warner Bros. Television Distribution, Inc. ("Defendants") moved for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure.

In their Motion, Defendants claim that Plaintiffs' Amended Complaint "fails to plead with enough specificity to provide Defendants with fair notice of the claims filed against them." (*See* Motion, p. 1). In Defendants' Memorandum in Support of Motion for a More Definite Statement ("Supporting Brief," Doc. No. 31), Defendants argue that they are entitled to a more definite statement because they are unaware of "who is suing for what."

Defendants' argument is, at best, disingenuous. Defendants produced and distributed *The Ellen DeGeneres Show* (the "Show"). Defendants know exactly which sound recordings they used in each episode. As they have recently asserted in sworn declarations, "[r]ecorded music that is used in the Show is either played by the DJ during the taping of the Show or added in post-production." (Doc. No. 34, ¶ 6, "Declaration of Jonathan Norman"). Consequently, Defendants have copies of the CDs containing the sound recordings that were used in the Show.

Defendants, therefore, knew the date that each work was released. That fact necessarily establishes whether each particular sound recording is protected by the Copyright Act or by state law. Not only do Defendants have exclusive control over the precise information that they claim is missing from the Amended Complaint, but Defendants also will be the parties supplying that information to the Plaintiffs in discovery through the production of documents such as cue sheets that identify the specific uses of the sound recordings at issue in each episode.

Defendants are not entitled to a more definite statement because: (1) Rule 12(e) motions are highly disfavored and the additional information Defendants seek is more appropriately sought by Defendants through discovery; (2) Defendants have failed to establish under Rule 12(e) that Plaintiffs' Amended Complaint is so "vague or ambiguous" that they cannot reasonably respond to the Amended Complaint; and (3) Plaintiffs' allegations of copyright infringement and common law infringement of Plaintiffs' rights in sound recordings are more than sufficient under the standard articulated by the Supreme Court in *Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007) and Fed. R. Civ. P. 8(a).

As a practical matter, the issues that Defendants raise could be resolved by two simple interrogatories: (1) Identify which Plaintiff owns each sound recording listed in Exhibits A, B and C; and (2) Identify whether each sound recording in Exhibits A, B and C is protected by U.S. Copyright law or Tennessee state law. Instead, Defendants have elected without explanation to engage in expensive and pointless motion practice. For these reasons and those explained below, Plaintiffs respectfully request that the Court deny Defendants' Motion.

## **STATEMENT OF FACTS**

The argument that Defendants do not have fair notice of the conduct at issue is meritless. In fact, the factual allegations in the Amended Complaint make clear that Defendants know precisely the conduct at issue.

Plaintiffs are recording companies that own copyrights in sound recordings and intangible rights in sound recordings protected by common law. (Amended Complaint ¶ 29). Plaintiffs incur tremendous expense in connection with the creation and acquisition of such creative works and recoup their investment through the sale and licensing of such works. Defendants used Plaintiffs' sound recordings (which include many of Plaintiffs' most valuable copyrighted works) in a number of different segments on the Show. (*Id.* ¶ 1). Despite knowing that licenses were required to exploit the sound recordings, Defendants made no effort to obtain the necessary rights related to the sound recordings. (*Id.* ¶ 3).

Defendants create, produce, distribute and/or broadcast the Show. (*Id.* ¶ 2). Defendants used thousands of sound recordings that are owned by one or more of the Plaintiffs, including recordings by virtually every major current artist of popular music, numerous Grammy and other award-winning recordings, and classic recordings that have stood the test of time. (*Id.* ¶ 41). Defendants routinely used the most popular and desirable sound recordings, which included many sound recordings that the Plaintiffs do not license for daytime television at any price. (*Id.*). The Show often uses the same sound recordings in multiple episodes and multiple seasons. (*Id.*).

In May of 2009, Plaintiffs and Defendants attempted to resolve their disputes through formal mediation in which the parties extensively briefed their understanding of the issues. The parties' mediation was unsuccessful. At no time prior to filing the Motion has any Defendant claimed ignorance of the conduct of which Plaintiffs complain. Doing so now is nothing more

than a thinly veiled effort to generate an unnecessary expense for the Plaintiffs and to create an unnecessary burden for the Court.

## ARGUMENT

**I.     RULE 12(E) MOTIONS ARE HIGHLY DISFAVORED AND NOT A SUBSTITUTE FOR DISCOVERY.**

Rule 12(e) motions "are highly disfavored since the overall scheme of the federal rules calls for skeletal pleading and places the burden of unearthing factual details on the discovery process." *Sony BMG Music Entm't v. Cloud*, 2008 U.S. Dist. LEXIS 64373 (E.D. Pa. Aug. 21, 2008)(denying defendant's motion for more definite statement in copyright infringement matter); *See also Federal Ins. Co. v. Webne*, 513 F.Supp.2d 921, 924 (N.D. Ohio 2007)("Federal courts generally disfavor motions for more definite statements.").

Tellingly, Defendants do not claim that they do not know what sound recordings they used in connection with the Show or that they do not know whether any particular sound recording is protected by the Copyright Act or state law. Rather, Defendants' concerns are that (1) the Amended Complaint "fails to allege which [Plaintiffs] claim ownership of which recordings" and (2) that "Exhibit C fails to delineate" whether the Plaintiffs "are pursuing federal or state claims on specific recordings."

Defendants are simply "complaining of matters that can be clarified and developed during discovery, not matters that impeded [their] ability to form a responsive pleading." *See Arista Records, LLC v. Greubel,* 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006)(denying defendant's motion to dismiss and motion for more definite statement). A motion for more definite statement cannot be used as a substitute for discovery. *See Federal Ins. Co. v. Webne*, 513 F.Supp.2d at 924; 5C Wright & Miller, Federal Practice & Procedure § 1376 (noting that Rule 12(e) is not a substitute for discovery.).

5

By simply propounding discovery, Defendants could have obtained the information they seek and could have conserved not only the parties' resources, but also the judicial resources necessary to consider and decide this Motion. Defendants, however, have failed to propound a single interrogatory or to request a single document. No reason exists for a more definite statement given that discovery can supply any additional factual details. Defendants' Motion should be denied.

## II. THE FIRST AMENDED COMPLAINT IS NOT "SO VAGUE OR AMBIGUOUS THAT [DEFENDANTS] CANNOT REASONABLY PREPARE A RESPONSE."

In order to prevail on their motion for a more definite statement under Rule 12(e), Defendants must establish that the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Defendants have failed their burden. Defendants admit that the "central issue in this case is whether the [Plaintiffs] can recover damages for the Show's use of their sound recordings." (Doc. 33, p. 2). Defendants can obviously respond to the allegations that they used the sound recordings at issue.

Defendants' own motion makes clear that they understand the nature of Plaintiffs' Amended Complaint: "[t]he [Amended Complaint] includes counts for copyright infringement and 'common law infringement.'" (Supporting Brief, p. 3). Because Defendants admit to understanding the Amended Complaint, it cannot be so vague or ambiguous that Defendants cannot form a response. Therefore, Defendants' Motion should be denied.

## III. DEFENDANTS ARE NOT ENTITLED TO A MORE DEFINITE STATEMENT BECAUSE PLAINTIFFS' AMENDED COMPLAINT IS SUFFICIENT UNDER *TWOMBLY* AND FEDERAL RULE OF CIVIL PROCEDURE 8(A).

Defendants argue that they are entitled to a more definite statement because Plaintiffs' Amended Complaint "fails to meet the basic requirement" that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (Supporting Brief, p.

4).  Defendants are incorrect.  Plaintiffs have clearly and concisely alleged claims of copyright infringement and common law infringement of Plaintiffs' rights in sound recordings against the Defendants under both Federal Rule of Civil Procedure 8(a) and *Twombly.*

In *Twombly*, the Court held that "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." 127 S. Ct. at 1965; *See also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) (clarifying that *Twombly* "expounded the pleading standard for 'all civil actions'").

To state a claim for copyright infringement, Plaintiffs need only allege: (1) that they own valid copyrights, and (2) that Defendants violated one or more of the exclusive rights in 17 U.S.C. § 106 by, for example, copying or distributing Plaintiffs' copyrighted works. *See Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005); *see also Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.").  Plaintiffs' claims of copyright infringement and common law infringement of sound recordings need not be pled with particularity.  *See Leatherman v. Tarrant Country Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993)(holding that Federal Courts may not apply heightened pleading requirements to any causes of action except those enumerated in Federal Rule of Civil Procedure 9, i.e., claims based on fraud or mistake); *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp.2d 1114, 1120 (C.D. Cal. 2001) ("Copyright claims need not be pled with particularity)(*citing Mid America Title Co. v. Kirk*, 991 F.2d 417, 421 (6th Cir. 1993)).

Plaintiffs' Amended Complaint alleges that they own or control the exclusive rights to thousands of sound recordings identified in Exhibits A, B and C to the Amended Complaint.

7

(Amended Complaint, ¶¶ 46, 52). Plaintiffs are not required to plead any additional facts in order to withstand either a motion to dismiss or a motion for more definite statement. Nevertheless, Plaintiffs exceeded the requirements. For the copyrighted sound recordings, Plaintiffs have pleaded that these recordings have been properly registered with the Copyright Office. (Amended Complaint, ¶ 47).

Plaintiffs further allege that Defendants violated Plaintiffs' copyrights and common law rights by duplicating, distributing and broadcasting the Plaintiffs' sound recordings without permission. (Amended Complaint, ¶¶ 48, 53). Again, Plaintiffs exceeded the requirements. Specifically, Exhibits A, B and C identify the specific sound recordings that Defendants infringed.

Thus, Plaintiffs have adequately alleged the requisite elements of a claim for copyright infringement and common law infringement of Plaintiffs' rights in sound recordings set forth in Exhibit A, B and C. *See Arista Records LLC*., 453 F. Supp. 2d at 971-972 (N.D. Tex. 2006)("Plaintiffs' pleading provides a short and plain statement that alleges both their copyright ownership and violation of one or more of the exclusive rights identified in 17 U.S.C. § 106").

Defendants erroneously claim that "[w]here a plaintiff fails to include the copyright registration or at least the copyright registration number, a motion for more definite statement should be granted." That principle of law is not only incorrect, but Defendants misstate the holding of *Kelly v. L.L. Cool J.,* 145 F.R.D 32, 36 (S.D.N.Y. 1992). Nowhere in *Kelly* does the court hold that a plaintiff in a copyright infringement case must include the copyright registration number. The *Kelly* courted granted the defendant's Rule 12(e) motion because the plaintiff failed to allege "ownership of the copyrights at issue," not because plaintiff failed to include the copyright registration numbers. Unlike the plaintiff in *Kelly,* Plaintiffs' have specifically alleged

8

ownership of the sound recordings listed in Exhibits A, B and C of the Amended Complaint. (Amended Complaint, ¶¶ 46, 52). In particular, Exhibit C meets the basic pleading requirement because Plaintiffs allege (1) that they own the sound recordings in Exhibit C and (2) that Defendants infringed the sound recordings listed in Exhibit C.  (Amended Complaint ¶ 29, 46, 48, 52 and 53).  Plaintiffs have asserted facts that raise their claims above the speculative level.

## CONCLUSION

Defendants have fair notice of the claims against them and can easily admit or deny whether Plaintiffs own the sound recordings as alleged and whether Defendants copied and distributed the sound recordings as alleged.  "Further specificity at this stage of the litigation is not required." *Richard Feiner & Co. v. Larry Harmon Pictures Corp.*, 38 F. Supp. 2d 276, 280 (S.D.N.Y. 1999)(denying defendant's request for Rule 12(e) more definite statement).

Based on the foregoing, Plaintiffs request that Defendants' Motion for More Definite Statement be denied because Plaintiffs' Amended Complaint is sufficient under *Twombly* and Rule 8(a).  Moreover, the information Defendants request is more appropriately sought during the course of discovery.

Respectfully submitted,

/s/ Tim Warnock

_____
Timothy L. Warnock (BPR #12844)
Tim Harvey (BRP #21509)
Riley, Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
twarnock@rwjplc.com
tharvey@rwjplc.com
Ph.:  615-320-3700

Attorneys for Plaintiffs

9

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Response has been served upon the following Filing Users through the Court's Electronic Filing System:

Stephen J. Zralek
Bone McAllester Norton PLLC
511 Union Street, Suite 1600
Nashville, TN 37219

Aton Arbisser
Kay Scholor, LLP
1999 Avenue of the Stars
Suite 1700
Los Angeles, CA  90067

this 16th day of December, 2009.

/s/ Tim Warnock
_____