IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ARISTA MUSIC, ARISTA RECORDS LLC, ATLANTIC RECORDINGS CORPORATION, BIG BEAT RECORDS, INC., CAPITOL RECORDS, LLC, CAROLINE RECORDS, INC., ELEKTRA ENTERTAINMENT GROUP INC., EMI CHRISTIAN MUSIC GROUP INC. (d/b/a SPARROW RECORDS AND FOREFRONT RECORDS), INTERSCOPE RECORDS, LAFACE RECORDS LLC, MOTOWN RECORD COMPANY, L.P., PRIORITY RECORDS, LLC, RHINO ENTERTAINMENT COMPANY, SIRE RECORDS COMPANY (d/b/a of WBR/SIRE VENTURES INC.), SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., VIRGIN RECORDS INC., and ZOMBA RECORDING LLC.,<br>Plaintiffs,<br><br>v.<br><br>TIME WARNER, INC., et al., WARNER BROS. ENTERTAINMENT, INC., WARNER BROS. DOMESTIC TELEVISION DISTRIBUTION, INC., WARNER BROS. TELEVISION, TELEPICTURES PRODUCTIONS, INC., WAD PRODUCTIONS, INC. (d/b/a "THE ELLEN DeGENERES SHOW"), A VERY GOOD PRODUCTION, and CRAZY MONKEY, INC. (d/b/a A VERY GOOD PRODUCTION),<br>Defendants. | NO. 3:09-cv-000827<br>JUDGE CAMPBELL |

**MEMORANDUM**

Pending before the Court is Defendants' Motion to Transfer to Central District of California. (Docket No. 32). For the reasons stated herein, the Motion is GRANTED.

Plaintiffs brought this suit in the Middle District of Tennessee. Defendants seek to

transfer this case to the Central District of California under 28 U.S.C. § 1404(a) because they believe California is a more convenient jurisdiction for the parties, the witnesses and the court. (Docket No. 33).

Plaintiffs state "absent a clear and convincing showing by the defendant that the balance of convenience weighs strongly in favor of the transferee court, the plaintiffs' choice of forum should not be 'disturbed.'" (Docket No. 54) *See Reese v. CNH Am. LLC,* 574 F.3d 315, 320 (6th Cir. 2009). They argue this factor "weighs heavily in favor of maintaining the case in this District because Plaintiff EMI Christian maintains its principal place of business in this District" (Docket No. 54, pp. 6). Furthermore, three of the other Plaintiffs maintain offices in the Middle District of Tennessee and the remaining Plaintiffs all conduct business here. Id. at 7. The remaining parties, however, are headquartered in or have principal places of business in either California or a state other than Tennessee. (Docket No. 33, p. 9).

The *Ellen DeGeneres Show* (the "Show") is a daily daytime talk show produced, taped and distributed by various Defendants in Burbank, California. (Docket No. 33). Defendants claim the allegedly infringing acts, as described by Plaintiffs in the First Amended Complaint, occurred during the taping of the Show itself in Burbank, California, when the copyrighted music recordings at issue were allegedly used. (Docket No. 82). Additionally, business records relating to the Show, including the records regarding the use of Plaintiffs' music, are located in California. (Docket No. 33, p 4). One of the Show's producers, Jonathan Norman, is primarily responsible for the music used on the Show, the key issue in this case. (Docket No. 33). Plaintiffs argue jurisdiction in this District is proper in part because of the business Jonathan Norman conducted with Nashville-based musical acts and with Plaintiffs' Nashville

representatives to ship CDs to the Show for audience giveaways. (Docket No. 54). However, Mr. Norman performs his work in Burbank, California and resides in the Los Angeles area. (Docket No. 33)

## ANALYSIS

A court may entertain a motion to transfer if there exists a better forum for the resolution of the dispute between the parties *In re Aredia & Zometa Prods. Liabl. Litig.*, 2008 WL 686213 at *1 (M.D.Tenn 2008).

The threshold consideration under 28 U.S.C. § 1404(a) is whether the action might have been brought in the transferee court. *In re Aredia & Zometa Prods. Liabl. Litig.*, 2008 WL 686213 at *8. Based on the pleadings, this action might have been brought in the Central District of California.  28 U.S.C § 1400 provides that venue is proper in a copyright action "in the district in which the defendant. . . resides..."  Each of the Defendants here is a corporation and is deemed to reside in any judicial district in which it is subject to personal jurisdiction.  28 U.S.C § 1391(c). Each of the Defendants does business, and therefore resides,  in the Central District of California. (Docket No. 33).

Section 1404 states, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  While this case could have been properly brought in either the Middle District of Tennessee or the Central District of California, the pleadings show it would be more convenient for those concerned to transfer the case to the Central District of California.

For example, the equation of inconvenience with regard to witnesses tips in favor of transfer to California. Although Plaintiffs argue it is more inconvenient for New York witnesses to travel to California (Docket No. 54), they must travel regardless, and it appears a significant majority of the remaining witnesses are located in California. "Plaintiffs do not dispute that access to witnesses is of "utmost importance" in deciding whether to grant a motion to transfer. *In re Aredia & Zometa Prods. Liabl. Litig.*, 2008 WL 686213 at *11. The Norman Declaration argues that the key defense party and non-party witnesses in this dispute are all, with minor exceptions, located in Los Angeles. Former employees of the parties cannot be compelled to appear at a trial in Nashville. *See* Fed. R. Civ. P. 45(b)(2). Thus, their testimony could be presented to a jury only by videotape. As this Court has held, "trial by videotape is simply not preferable to live examination in front of a jury." *In re Aredia & Zometa Prods. Liabl. Litig.*, 2008 WL 686213 at *3. For these reasons, the Court finds, in the interest of justice, particularly for the convenience of the parties and witnesses, this action should be transferred to the United States District Court for the Central District of California.

Accordingly, Defendants' Motion to Transfer to Central District of California (Docket No. 32) is GRANTED. This case is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE