UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1662-SVW (PJWx) | Date | August 23, 2010 |
|---|---|---|---|
| Title | *Interscope Records, et al. v. Time Warner, Inc., et al.* | | |

| Present: The Honorable | Patrick J. Walsh, Magistrate Judge | | |
|---|---|---|---|
| Celia Anglon-Reed | None | CS 08/23/2010 |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Jeffrey D. Goldman   Aton Arbisser
   Robert Barnes

**Proceedings:**  Plaintiffs' Motion for Spoiliation Sanctions and to Compel Further Responses to Certain Interrogatories, Requests for Admissions and Requests for Production of Documents

```
Counsel make their appearances.  The Court discusses the motion with
counsel and makes rulings on the record, summarized below.

The primary issue raised by Plaintiffs' motion is that Defendants have
failed to timely produce discovery which they agreed to produce.  The
Court ordered Defendants to produce the discovery over the next two
weeks.  Defendants shall produce whatever is ready to be turned over
this Friday, August 27, 2010.  Any remaining discovery is to be
produced on Friday September 3, 2010.  By "produced," the Court means
in Plaintiffs' counsel's hands, i.e., not in the mail.

The parties have a dispute concerning financial statements from
Defendants that would establish revenues from the Ellen DeGeneres Show
(the "Show").  Defendants' counsel explained that not all Defendants
received revenue from the Show.  As to those Defendants, counsel
should amend its responses to make clear which Defendants did not
receive any revenue from the show.  Those Defendants will not have to
produce any financials.  As to Defendants who have received revenue
from the Show, Defendants' counsel should identify them and provide
Plaintiffs with financial statements from each Defendant from each
year, setting forth the revenues and expenses.  Defendants will not be
required to produce tax returns, as their counsel has informed the
Court that there are no separate line items for revenues or expenses
for the Show in the tax returns.

As requested, Defendants' counsel faxed copies of agreements between
Ellen DeGeneres and others relating to the Show.  The agreements have
been redacted to hide certain information like salary from Plaintiffs.
The Court cannot determine what has been redacted, however.  Counsel
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

is requested to fax unredacted copies of the documents to chambers at 213 894-5734 no later than Friday August 27, 2010, so that the Court can determine what information has been redacted and whether any of it should be produced to Plaintiffs' counsel.

Defendants' counsel clarified certain responses to discovery to the satisfaction of Plaintiffs' counsel. The primary concern for Plaintiffs' counsel was that Defendants might try to establish an implied license for some songs through an individualized approach, i.e., for song No. 37 from the list of 491 songs, Defendants obtained a license when the writer/performer called the Show and asked us to play it. Defendants' counsel explained that that would not be their approach. He agreed with the Court's understanding that the implied license for all of the songs was based, among other things, on what Defendants believed was the tacit approval and sometimes outright encouragement from Plaintiffs to play their music on the Show. This included booking their artists on the show, attending tapings, providing CDs, soliciting the Show to play their music, etc.

There was one remaining issue that was not resolved. That issue is whether Defendants failed in their obligation to preserve evidence after it became apparent that it was imminent and probable that Plaintiffs would be suing them. In Plaintiffs' view, Defendants should have known that it was imminent and probable that Plaintiffs would sue: 1) in 2003, when Defendants' in-house counsel James Dorgan wrote memos on the issue; 2) in 2007, when one of Plaintiffs' employees, Mr. Lopinsky, contacted the Show to inquire about licenses; or 3) in March 2008, when the two sides had a heated argument about Defendants' failure to obtain licenses. Defendants believe that their obligation to preserve the evidence was not triggered until, at the earliest, February 2009, when Plaintiffs sent a cease and desist letter. The Court has proposed another date, in June 2008, when the parties began negotiations and entered into an agreement in which Defendants waived statute of limitations defenses arising after that date. The issue of what is the proper date is important because Plaintiffs have requested sanctions due to Defendants' failure to preserve certain evidence, primarily emails prior to November 2008.

In an effort to resolve the issue, the Court reviewed *in camera* the 2003 Dorgan memos, which were, in fact, simply emails. (The emails have been withheld based on attorney-client privilege.) They do not suggest in any way that Defendants believed at that time that litigation was imminent or probable. Thus, they do not support Plaintiffs' argument that the duty to preserve emails was triggered in 2003. (The documents have been placed in a sealed envelope in the chamber's file should Plaintiffs wish to appeal the Court's ruling.) But it does not solve the problem of what the right date was.

The parties requested and were granted an opportunity to provide

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

```
further briefing on the issue.  The briefs are limited to ten pages
each.  Defendants' brief is due no later on September 7, 2010;


Plaintiffs' Reply by September 14, 2010.  The Court will then hold a
hearing on the issue on September 20, 2010, at 2:00 p.m.
```

|  | 2 | : | 10 |
|---|---|---|---|
| Initials of Preparer | ca | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

S:\PJW\Cases-X\Interscope Records\P's.Motion Spoliation-compel2.wpd